IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-01571-WYD-MJW

MANDY'S LTD, a Colorado Limited Liability Company, and
AMANDA MACHAN, an Individual,

    Plaintiffs,

v.

SALON AND BEAUTY SOURCE, INC., a Florida corporation, doing business as SalonSmart,

    Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiffs' Opposed Motion for Leave to File Plaintiff's Response to Defendant SalonSmart's Motion for Summary Judgment filed January 26, 2016.  Defendant filed a response to the motion on February 3, 2015, and Plaintiffs filed a reply on February 5, 2016.  Thus, the motion is fully briefed.

By way of background, Defendant's Motion for Summary Judgment was filed on December 2, 2015.  Plaintiffs filed a timely Response to the Motion for Summary Judgment on December 23, 2015.  This Response was stricken by Minute Order of January 8, 2016, for failure to specifically respond to Defendant SalonSmart's Statement of Material Facts as required by my Practice Standards.  In the January 8, 2016 Minute Order, Plaintiffs were given leave to refile a response that complied with my practice standards by Monday, January 18, 2016.  Plaintiffs did not comply with that deadline.

Instead, on January 21, 2016, Plaintiffs filed their initial Motion for Leave to File Response to Defendant's Motion for Summary Judgment.  This motion noted that the deadline to file the revised response had been miscalendered, and requested leave to file the response out of time.  Plaintiff's motion was stricken by Minute Order of January 21, 2016 for failure to properly confer with opposing counsel under D.C.COLO.LCivR 7.1(a).  On January 26, 2016, Plaintiffs filed the motion at issue now, again asking for leave in the interest of justice to rectify their mistake in miscalendering the date the response was due and to file their response to the motion for summary judgment (attached to the motion) out of time.

Defendant opposes the motion, arguing among other things that Plaintiffs have repeatedly failed to heed the procedural rules that they were notified of at the outset of the case, and that Defendant has incurred additional fees and wasted months of time which could have been used for discovery.  Defendant asks for an award of its attorneys' fees in responding to Plaintiffs' motion.

Turning to my analysis, the Federal Rules of Civil Procedure state that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:…(B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1). "'[E]xcusable neglect is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence.'" *Jennings v. Rivers*, 394 F.3d 850, 846 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (internal quotation marks omitted)).  By empowering courts to accept late filings

as a result of excusable neglect, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388.

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings*, 394 F.3d at 856 (quotation omitted).  Factors to be considered include "'the danger of prejudice to the [opposing] party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Here, I find that Plaintiffs have shown excusable neglect in connection with the late filing of their revised summary judgment motion.  The error in missing the deadline was not the result of a deliberate and counseled decision, but rather an omission that was caused by a family medical situation and miscalendering of the deadline.  The missed deadline was identified within three days and steps were taken in good faith to limit any delay.  While Defendant argues that the discovery deadline for this case will be in jeopardy if I allow Plaintiffs to file a response to the summary judgment motion out of time, this can easily be remedied through seeking an extension of that deadline.  Trial has not yet been set, and I find that no significant prejudice will be incurred by Defendant if I allow Plaintiffs to file a response to the summary judgment motion.  On the other hand, I find that a manifest injustice would result if Plaintiffs were not allowed

to file such a response.  Accordingly, I find that Plaintiffs should be allowed to file their response to the summary judgment motion.  Defendant's request for attorney fees is denied.

Based on the foregoing, it is

ORDERED that Plaintiffs' Opposed Motion for Leave to File Plaintiff's Response to Defendant SalonSmart's Motion for Summary Judgment (ECF No. 37) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiffs shall file their Response to Defendant SalonSmart's Motion for Summary Judgment (attached to their motion) by **Friday, April 1, 2016**.  Defendant shall file its reply to the response within fourteen days of the date of its filing.

Dated:  March 29, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge